UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X

ROGER RODRIGUEZ,  **Civil Action**

                              Plaintiff,  **Case No.:**

        -against-

                                                     **NOTICE OF REMOVAL**
TARGET CORPORATION.

                              Defendants.
--------------------------------------------------------------------X

Defendant, TARGET CORPORATION, by its attorneys, FISHMAN McINTYRE

BERKELEY LEVINE SAMANSKY, P.C., respectfully petitions the United States District Court,

Southern District of New York, upon information and belief, as follows:

1.       This case was originally commenced on or about August 14, 2019, in the Supreme

Court of the State of New York, County of Bronx.  The suit is identified in the Supreme Court as

"Roger Rodriguez v. Target Corporation and Harold David", Index No. **29502/2019**.  A true copy of

plaintiff's Summons and Verified Complaint is cumulatively annexed hereto as Exhibit A.

2.       On or about June 1, 2020, by way of executed and filed stipulation, defendant, "Harold

David" was dismissed from this action.  See Exhibit B annexed hereto.

3.       Defendant, Target Corporation ("Target") first received notice of the suit when service

was effectuated upon Target Corporation on or about September 3, 2019.  (See Exhibit C hereto).

The grounds for removal are based on the original jurisdiction of this Court under 28 U.S.C. § 1332,

which allows this Court to hear matters based on diversity of citizenship of the parties.

4.       An answer on behalf of Target Corporation and then defendant, "Harold David" was

filed in the Supreme Court, County of Bronx, on or about October 1, 2019.  A true copy is annexed

hereto as Exhibit D.

5.       The Plaintiff's Complaint in the Supreme Court of the State of New York, County of Bronx,

asserts monetary damages relating to personal injuries in a non-specified amount.

6.     At or about the time Defendants served their Answer to plaintiff's complaint, defendants served various discovery demands upon the plaintiff, including, but not limited to, a demand for medical records and/or authorizations as well as request to admit.

7.     With respect to the request to admit, a true copy of which is annexed hereto as Exhibit E, Defendant sought to have plaintiff admit that on June 30, 2018, the date plaintiff's cause of action arose pursuant to plaintiff's complaint, the plaintiff, Roger Rodriguez, was a citizen of the State of New York. Plaintiff never responded to the request to admit. As such, pursuant to C.P.L.R. § 3123(a) this statement is deemed admitted by plaintiff, and plaintiff is therefore deemed to be a citizen of the State of New York at all pertinent times.

8.     Target is a corporation, incorporated in the state of Minnesota. Moreover, Target has its principal place of business in Minneapolis, Minnesota. (*See* **"Exhibit F,"** hereto).

9.     On or about June 25, 2020, plaintiff provided a response to the defendants' demand for medical records and authorizations by providing certain medical records. This was the first time plaintiff provided any information concerning plaintiff's alleged injuries. Contained within these disclosures by plaintiff are medical records which claim that as a result of the accident at Target which is the basis of the action, plaintiff sustained "complex tears" of the mid and posterior horn of the medial meniscus of his left knee. This is set forth in an MRI report provided by plaintiff's counsel, again, by way of mailing dated June 25, 2020. By way similar medical disclosure on the same date, plaintiff provided an operative report reporting that plaintiff underwent surgery for said meniscal tears. In addition, according to medical records again provided by plaintiff's counsel on the same aforesaid date, plaintiff has undergone months of physical therapy, and indeed, even nearly a year and a half after the accident at Target, plaintiff continues to complain of pain in his knee to the point where he walks with the aid of a cane. That same report references the possibility of repeat surgical intervention for the plaintiff in light of his ongoing complaints.

10.     It is axiomatic that injuries in cases venued in the Supreme Court, County of Bronx, involving torn meniscus of the knee with surgery, routinely settle, and more routinely result in trial verdicts, in excess of $75,000.00.  In fact, well in excess of $75,000.00.

11.     In fact, a search of only a fraction of the recent settlements and verdicts with the same injury in the same venue clearly demonstrate that plaintiff's injuries, therefore his damages solely from a pain and perspective, are demonstrably in excess of $75,000.00, exclusive of costs and interest:

A. In <u>Acevedo v MTA</u>, in 2016, plaintiff received a verdict of $2,102,000.00 as a result of a tear of the medial meniscus of his knee prompting arthroscopic surgery.

B. In <u>Mawuena v Elsevyf</u>, in 2019, a jury awarded $200,000.00 to the plaintiff who sustained a tear of the medial meniscus, requiring arthroscopic surgery.

C. In <u>Ormond v MTA/NYCTA</u>, a jury returned a verdict in excess of $3,000,000.00 based upon multiple injuries, including a tear of the medial meniscus requiring arthroscopic surgery.

D. <u>Osorio-Gonzalez v Pruitt</u>, was settled in 2017 for $145,000.00 with the sole injury, again, being a tear of the meniscus (this time lateral meniscus) requiring arthroscopic surgery.

E. <u>Sarac-Marshal v Mikalopas</u>, is a case settled in 2016 for $170,000.00, with the injury, again, being a tear of the meniscus requiring arthroscopic surgery.

12.     There are many more examples that could be cited, but for the sake of brevity, such injury as claimed by plaintiff herein, inclusive of surgery as claimed by plaintiff herein, routinely results in "six figure" settlements, and verdicts, often of "seven figures".

13.     Therefore, plaintiff's alleged "damages", are, by more than just the preponderance of the evidence, in excess of $75,000.00, exclusive of interest and costs.

14.     In light of the foregoing, the requirements for removal to this court have been met: Plaintiff and Target are diverse citizens; plaintiff the State of New York, Target in the State of Minnesota.  The amount of controversy herein exceeds $75,000.00.

15.     Written notice of the filing of this Notice of Removal has been given to all parties in accordance with 28 U.S.C. §1446(d), as evidenced in the annexed Certificate of Service.

16.     Promptly after filing this Notice with the Court and the assignment of a civil docket number, a copy of this Notice will be filed with the Supreme Court of the State of New York, County of Bronx, Index No. **29502/2019** in accordance with 28 U.S.C. §1446(d).

WHEREFORE Petitioner, Target Corporation, defendant in the action described herein now pending in the Supreme Court of the State of New York, County of Bronx, under Index No. **29502/2019**, prays that this action be removed therefrom to this Honorable Court.


Dated:    New York, New York
          July 16, 2020

                                                  Yours etc.,

                                                  _____
                                                  MITCHELL B. LEVINE
                                                  FISHMAN MCINTYRE BERKELEY LEVINE
                                                  SAMANSKY P.C.
                                                  Attorney for Defendant
                                                  TARGET CORPORATION
                                                  521 Fifth Avenue, 17th Floor
                                                  New York, New York 10175
                                                  (212) 461-7190
                                                  File No.:  TARN-156-ML

TO:     Frank J. Arrieta, Esq.
        SOBO & SOBO L.L.P.
        Attorneys for Plaintiff
        One Dolson Avenue
        Middletown, New York 10940
        (845) 343-7626

        Clerk of Bronx County